## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **TELINIT TECHNOLOGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:13-cv-438** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **AASTRA TECHNOLOGIES LIMITED** | § | |
| **and AASTRA USA, INC.** | § | |
| **Defendants.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendants Aastra Technologies Limited ("Aastra Tech") and Aastra USA, Inc. ("Aastra USA") (collectively, "Defendants") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 6,192,123 (the "'123 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys fees, and costs.

## THE PARTIES

2.     Plaintiff Telinit is a Texas corporation with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

3.     Aastra Tech is a Canada limited company with a principal place of business at 155 Snow Blvd. Concord, Ontario Canada.

4.      Aastra USA is a corporation organized under the laws of the state of Delaware with its principal place of business at 2811 Internet Blvd., Frisco, Texas 75034.  Aastra USA may be served with process at Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street Suite 620, Austin, Texas 78701.

5.      Aastra USA is a wholly-owned subsidiary of Aastra Tech.

6.      Defendants are in the business of manufacturing, distributing and/or selling network-based telephony initiation systems and/or services throughout the United States, including within this judicial jurisdiction.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8.      This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

9.      Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or (iii) deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

10.     Defendants have conducted and do conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through

intermediaries, resellers or agents, or offer for sale, sell, advertise (including through the use of interactive web pages with promotional material) products or services, or use or induce others to use services or products in Texas, including this judicial district, that infringe the '123 patent.

11.     Specifically, Defendants solicit business from and market their services to consumers within Texas by offering to set up telephony communications connections for said Texas consumers enabling them to communicate with other parties using said connection.

12.     In addition to Defendants' continuously and systematically conducting business in Texas, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendants' making, using, offering for sale, or selling network-based products and services for initiating telephony communications systems which include features that fall within the scope of at least one claim of the '123 patent.

13.     Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

**<u>JOINDER</u>**

14.     Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products.  Specifically, as alleged in detail below, Defendants are alleged to infringe the '123 patent with respect to a number of network-based products and services for initiating telephony communications systems.

15.      Defendants are properly joined under 35 U.S.C. §299(a)(2).  Questions of fact will arise that are common to all defendants, including for example, whether the network-based

products and services for initiating telephony communications systems alleged to infringe have features that meet the features of one or more claims of the '123 patent, and what reasonable royalty will be adequate to compensate the owner of the '123 patent for its infringement.

16.     At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling the same accused products and/or processes.

## FACTUAL ALLEGATIONS

17.     On February 20, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '123 patent, entitled "Method and apparatus for initiating telephone calls using a data network" after a full and fair examination. (Exhibit A).

18.     Telinit is presently the owner of the patent, having received all right, title and interest in and to the '123 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '123 patent, including the exclusive right to recover for past infringement. The '123 patent is valid and enforceable.

19.     The '123 patent contains two independent claims and six dependent claims. Defendants use methods that perform one or more steps of the claims; and also make, use, sell and/or offer to sell products that encompass one or more of the claims.

20.     The invention claimed in the '123 patent includes a system and process for initiating a telephone call using a data network request, that request signaling a switch, and that switch triggering a means of monitoring and providing status updates to a user of the telephone system.

21.     The above described network-based method and process of connecting and monitoring communication by telephony is often accomplished when a user of a computer encounters a web-based interface with a button that it can push in order to be connected with another person, such as another user of the service or a contact stored in a compatible computer application.   Meanwhile, the status of their call is monitored for such things as quality and connectivity.

## DEFENDANTS' PRODUCTS

22.     Defendants offer voice over internet protocol (VoIP) products and solutions for businesses.   Defendants' products allow users to call contacts either by manually inputting a telephone number into a telephonic interface or accessing a contact's phone number from a database connected to a compatible computer application.   These various cloud-based applications can be referred to as "Defendants' Products."

23.     The Defendants' Products are systems and components of devices for initiating telephone calls on a voice network in response to requests from a data network.

24.     Defendants' Products facilitate communication between devices such as cellular phones, landline phones and computers.

25.     The Defendants' Products provide an interface that solicits generation of a network request to initiate telephone call connections based on a user telephone number that it then connects with stored telephone numbers.   Call status is monitored by Defendants' Products and reported to users based on the status of such calls.

26.     The cloud-based applications infringing the '123 patent include, but are not limited to, the product called "Clearspan®" and provide a system that Defendants' customers use (for example, via the Xtended Services Platform, which provides interface to integration with

5

web-based applications) for telephony communication.

27.     Defendants' Products provide access to functionality to Defendants' customers and users (hereinafter "Users") designed specifically to communicate with servers developed, sold, and/or controlled by Defendants (hereinafter "Defendants' Servers").

28.     The Defendants' Servers are accessible over a data network, and perform functions such as receiving data requests over the network enabling Users and third parties to initiate telephony communications with each other.   The requests include a user telephone number, such as telephone numbers identifying the Users and/or third parties. For example, Clearspan® Anywhere™ is a component within Clearspan that lets users designate a single phone number for all incoming and outgoing calls, regardless of which phone they are currently using.

29.     The Defendants' Servers also identify stored telephone numbers, such as by handling requests to initiate telephone calls with Users at a pre-designated User telephone number and/or with third parties.

30.     The Defendants' Servers signal a switch to call a voice network, such as a public switched telephone network (PSTN), to other telephone devices identified by stored telephone numbers, such as by initiating telephone calls with a pre-designated User telephone number and/or third parties.

31.     The Defendants' Servers monitor call status and indications of status changes, including providing status indications to Users and/or third parties, for example, the call status is monitored and reported to the user with visual and audio signals.

32.     The Defendants' Servers also include input components designed to receive data requests over the network enabling Defendants' Users and third parties to initiate telephony

communications with each other.   Those requests include a user telephone number, such as telephone numbers identifying the User and/or third party. For example, when placing a call, a Defendants' input component is configured to receive a data network request to initiate a telephone call. This request includes a User's office phone number for use as the Caller ID.

33.    The Defendants' Servers include processing components designed to identify stored telephone numbers, such as by handling requests to initiate telephone calls at a pre-designated User telephone number and/or with third parties. For example, Clearspan® contains a drop down list in the dialed number field that allows users to select one of the previously dialed numbers from the drop down list. When a call is placed from the dialed number field, a Defendants' processing component is configured to identify a stored telephone number corresponding to the request. The stored telephone number is the previously dialed number selected from the drop down list.

34.    The Defendants' Servers include a signaling component for signaling a switch to call a voice network, such as a PSTN, to other telephone devices identified by stored telephone numbers, such as by initiating telephone calls with a pre-designated User telephone number and/or third parties. For example, placing a call to a stored telephone number designating a phone on the voice network, such as the PSTN, is indication of Defendants' use of a signaling component configured to signal a switch to make said call on the voice network to a recipient's telephone associated with the stored telephone.

35.    The Defendants' Servers include monitoring and status components to monitor call status and provide indications of status changes, including providing status indications to Users and/or third parties. For example, a Defendants' monitoring and status components monitor call status for indications of call progress, user notifications, and call history.

36.    Defendants' Products use methods and processes for network-based communication initiation systems which include features that fall within the scope of at least one claim of the '123 patent. For example, a Defendants' status monitoring component provides indication of a change in call status, at least via visual indicators, such as the call status changing from "outgoing" to "active".

## DIRECT INFRINGEMENT

37.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 36.

38.    Taken together, either partially or entirely, the features included in Defendants' cloud-based applications including, but not limited to, the product called Clearspan® perform the process recited in one or more of Claims 1-4 of the '123 patent.

39.    Taken together, either partially or entirely, the features included in Defendants' cloud-based applications including, but not limited to, the product called Clearspan® use the system described in one or more of Claims 5-8 of the '123 patent.

40.    Defendants directly infringe one or more of claims 1-8 of the '123 patent by making, using, selling, offering to sell and/or importing the process and the system for cloud-based services for initiating telephony communications in violation of 35 USC § 271(a). For example, and without limitation, Defendants directly infringe at least one claim of the '123 patent by offering to sell and conveying Defendants' Products to end users including a license to a fully operational software program implementing and thus embodying the patented method.

41.    By engaging in the conduct described herein, Defendants have injured Telinit and are thus liable for infringement of the '123 patent, pursuant to 35 U.S.C. §271.

42.     Defendants have committed these acts of infringement without license or authorization.

43.     To the extent that facts learned in discovery show that Defendants' infringement of the '123 patent is or has been willful, Telinit reserves the right to request such a finding at the time of trial.

44.     As a result of Defendants' infringement of the '123 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interest and costs.

45.     Telinit will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

46.     Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly or indirectly infringing the '123 patent.

## **INDUCING INFRINGEMENT**

47.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 46.

48.     Defendants have had knowledge of its infringement at least as of service of the present complaint.

49.     Defendants indirectly infringe one or more claims of the '123 patent by actively inducing the infringement of their respective customers, users, subscribers and licensees who

directly infringe by performing the patented process in violation of 35 USC § 271(b).  For example, Defendants instruct customers to install, setup, and use the Defendants' Products in an infringing manner.

50.     With knowledge of the patents in suit, Defendants have infringed and, upon service of the complaint, continue to indirectly infringe the '123 patent by inducing the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method or contain all the features of the apparatus described in one or more claims of the '123 patent, aware of the fact that such acts amount to infringement of one or more claims of the '123 patent. Such acts evidence specific intent to induce infringement of the '123 patent.

## CONTRIBUTORY INFRINGEMENT

51.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 50.

52.     Products sold by Defendants for implementation of Defendants' Products are components of a patented device covered by the '123 patent. Such components constitute a material part of the invention, as they are the main focus of Defendants' advertisement. Such components are part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use.

53.     Defendants' Products, including but not limited to Clearspan®,  are apparatuses for use in practicing a patented process covered by at least Claim 1 of the '123 patent. Such components constitute a material part of the invention, as they are the main focus of Defendants'

advertisement. Such components are part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use.

54.     Defendant's software included in, or sold as part of Defendants' Products, including but not limited to Clearspan®, is an apparatus for use in practicing a patented process covered by at least one of claims 1-8 of the '123 patent. Such component is part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, is not a staple article or commodity of commerce suitable for non-infringing use.

55.     Defendants have known that devices that implement Defendants' Products are especially made or especially adapted for use in infringement of the '123 patent at least as of service of the present complaint.

56.     Defendants contribute to the direct infringement by others, such as their customers and licensees, of one or more of claims 1-8 of the '123 patent in violation of 35 USC § 271(c).

57.     With knowledge of the patents in suit, Defendants have infringed and upon service of the Complaint, continue to indirectly infringe the '123 patent by contributing to the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method as described in one or more claims of the '123 patent, aware of the fact that such acts amount to infringement of one or more claims of '123 patent. Such acts evidence specific intent to contribute to the infringement of the '123 patent.

## DEMAND FOR JURY TRIAL

58.     Telinit demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Telinit prays for the following relief:

1.      That Defendants be adjudged to have infringed the '123 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2.      That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '123 patent;

3.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.      That Defendants be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.      That Telinit have such other and further relief as this Court may deem just and proper.

Dated: May 31, 2013

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES, LLC**